PIERRE A. SUTTON v. GEORGE W. GREENE.

*Trover—Ownership of converted goods.*

In trover by the claimant of goods seized on an execution against another, a verdict against the plaintiff is conclusive against his claim of ownership. And the actual owner can have no redress in this suit.

Error to Jackson. (Huntington, J.) June 12.—June 20.

TROVER. Plaintiff brings error. Affirmed.

*Lewis M. Powell* and *Thos. A. Wilson* for appellant.

*Geo. H. Fay* and *G. Thompson Gridley* for appellee.

COOLEY, J. Trover for the conversion of personal property by seizure and sale in January, 1880. The defendant at the time was township treasurer of the township of Norvell in Jackson county, and the plaintiff's case is that defendant seized and sold his personal property to satisfy a tax assessed against one Fielding. The fact principally contested on the trial concerned the plaintiff's ownership of the property sold. The admitted facts appear to be the following: Fielding, in April, 1879, was owner and occupant of a farm in Norvell, and sold the same to Chloe Sutton, the plaintiff's wife, who resided in Chicago. In May following, when the annual assessment was made, the land was assessed to Fielding, who had remained in possession. When the time arrived for the collection of the taxes, defendant went upon the land and seized the personal property for the conversion of which this suit was brought, claiming that it was the property of Mrs. Sutton and that he had a right to seize and sell it to satisfy the tax assessed against her land. The property seized had been the property of Mrs. Sutton, but plaintiff claims that it was assigned to him the preceding November. Defendant contested this, and the question of the assignment was submitted to the jury as a disputed question of fact.

It was also contended on the part of the plaintiff that the statute did not authorize defendant to make the levy, even if the property had still belonged to Mrs. Sutton. The circuit judge ruled otherwise, and this ruling is assigned for error. But we fail to perceive that it has any materiality. The circuit judge instructed the jury that if plaintiff was owner of the property at the time of the seizure, he was entitled to recover; and the verdict of the jury against him

is conclusive against his ownership. If the wife has any grievance for an unauthorized seizure and sale of her property, it cannot be redressed in this suit.

The judgment must be affirmed with costs.

The other Justices concurred.